DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas.
On February 24, 1999, appellant, Desarie Overton, was indicted on one count of cocaine possession, a violation of R.C.2925.11(A) and a felony of the fifth degree. On April 12, 1999, appellant filed a motion to suppress arguing that her arrest was the result of an illegal search. A suppression hearing commenced on April 30, 1999.
Toledo Police Detective Daniel Navarre testified that on November 23, 1998, he had a warrant for the arrest of appellant on a charge of permitting drug abuse. In the early morning hours, Detective Navarre and other officers went to appellant's residence to serve the arrest warrant. Detective Navarre testified that he knocked on the door and watched through a glass window while appellant, whom he recognized from previous encounters, came down the stairs. Appellant did not open the door. Detective Navarre told her he had a warrant for her arrest. Navarre testified that appellant looked at him and signaled him to leave. Navarre then kicked the door in while appellant ran upstairs. Navarre chased appellant as she ran into a room. Navarre testified that appellant attempted to close a door to the room but he was able to push it open. Navarre testified that he watched as appellant fell on a couch and threw a rolled up twenty dollar bill into the air. When the bill landed, pieces of crack cocaine fell out of it. Navarre then arrested appellant on the warrant. She was later indicted for the cocaine.
On cross-examination, Navarre testified that the reason he attempted to arrest appellant on November 23, 1998, for a warrant that was issued in August of 1998, was because he believed that appellant had been threatening witnesses in an unrelated murder case.
Appellant's motion to suppress was denied. Following a bench trial she was convicted of cocaine possession and sentenced to three years of community control including a thirty day jail sentence. Appellant now appeals setting forth the following assignments of error:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DENIED HER MOTION TO SUPPRESS.
 "II. SHOULD THIS COURT DETERMINE THAT TRIAL COUNSEL FAILED ADEQUATELY TO RAISE THE ISSUE OF WHETHER THE WARRANT WAS ISSUED UPON AN ADEQUATE SHOWING OF PROBABLE CAUSE, COUNSEL WILL HAVE PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL."
In her first assignment of error, appellant contends the court erred in denying her motion to suppress.
When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592. An appellate court must independently determine, without deferring to the trial court's conclusions, whether as a matter of law the facts meet the applicable standard. State v. Klein (1991),73 Ohio App.3d 486, 488.
Appellant contends that the arrest warrant was not based on probable cause. Therefore, Detective Navarre unlawfully entered appellant's apartment and unlawfully arrested her for cocaine possession.
A complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. "It shall be made upon oath before any person authorized by law to administer oaths." Crim.R. 3. Crim.R. 4 states in pertinent part:
 "If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it.
 "The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished."
"Probable cause is a fluid concept — turning on the assessment of probabilities in particular factual contexts — not readily, or even usefully, reduced to a neat set of legal rules."Illinois v. Gates (1983), 462 U.S. 213, 232, 76 L.Ed.2d 527,103 S.Ct. 2317. Probable cause to arrest depends "upon whether, at the moment the arrest was made . . . the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Beck v. Ohio (1964) 379 U.S. 89, 91,13 L.Ed.2d 142, 85 S.Ct. 223, citations omitted.
The arrest warrant for appellant was based on a charge of permitting drug abuse, a violation of R.C. 2925.13(B). The elements of the crime are as follows:
 "No person who is the owner, lessee, or occupant, or who has custody, control, or supervision, of premises or real estate, including vacant land, shall knowingly permit the premises or real estate, including vacant land, to be used for the commission of a felony drug abuse offense by another person."
The complaint in support of the arrest warrant in this case read as follows:
 "Complainant being duly sworn states that Desarie Overton defendant at Toledo, Lucas County, Ohio on or about July 10, 1998 did violate ORC# 2925.13 constituting a charge of permitting drug abuse in that the defendant, being the owner, lessee, or occupant of certain premises, did knowingly permit such premises to be used for the commission of a felony drug abuse offense, to wit: Desarie Overton being the lessee, owner, or occupant of 620 Belmont, Toledo, Ohio 43607 knowingly permitted Cocaine, a schedule two controlled substance to be sold and possessed by the occupants, there, both being in violation of the Ohio Revised code, a felony drug abuse offense. This offense occurred in Toledo, Lucas County, Ohio."
The complaint was signed by Detective Andre Woodson and was certified by T.A. Hearst, a Toledo Municipal Court Clerk.
The complaint in this case listed a specific code section and contained specific factual information sworn to by a fellow Toledo Police Detective. The complaint was certified by a clerk of court pursuant to Crim.R. 4. Detective Navarre testified that because he already knew appellant, he recognized her when she came to the door. Based on the foregoing we conclude that Detective Navarre had reasonable ground to believe that the offense was committed and reasonable ground to believe that the person alleged to have committed the offense is guilty of the violation. Therefore, the Court finds that Detective Navarre had probable cause to arrest appellant in this case. Appellant's first assignment of error is found not well taken.
Given our disposition of appellant's first assignment of error, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
 ______________________ GLASSER, J.
 Peter M. Handwork, J., CONCUR.
James R. Sherck, J., dissents.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.